IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| JASON U. FLOW, #1971216 | § | |
| VS. | § | CIVIL ACTION NO. 4:14cv820 |
| TERRY BOX, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff Jason U. Flow, an inmate confined in the Texas prison system and previously confined in the Collin County Detention Facility, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil lawsuit pursuant to 42 U.S.C. § 1983.

On March 17, 2015, the Court issued an Initial Partial Filing Fee Order permitting the Plaintiff to proceed in this cause of action pursuant to 28 U.S.C. § 1915 and assessing an initial partial filing fee of $3.33. He was warned that the failure to pay the initial partial filing fee within 30 days may result in the dismissal of the lawsuit. The Court has received an acknowledgment from him indicating that he received the order on March 26, 2015. To date, the Plaintiff has not paid the initial partial filing fee nor provided any excuse for failing to pay the fee.

The Prison Litigation Reform Act of 1996 (PLRA) requires prisoners seeking to bring civil actions to pay an initial partial filing fee and subsequently pay the remainder of the full filing fee. Prisoners may proceed on claims without prepayment of the full filing fee, but they will be responsible for paying it over time. The Plaintiff was ordered to pay an initial partial filing fee, but he has not paid the requisite fee nor provided any excuse for such failure.

1

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); Fed. R. Civ. P. 41(b). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Engineering Co.*, 589 F.2d 243 (5th Cir. 1979); *Lopez v. Aransas County Independent School District*, 570 F.2d 541 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion County General Hospital*, 617 F.2d 1164 (5th Cir. 1980).

In the present case, the Plaintiff failed to pay the initial partial filing fee. He has not provided any explanation for such failure; thus, the lawsuit should be dismissed. It is accordingly

**ORDERED** that the complaint is **DISMISSED** without prejudice for want of prosecution and failure to obey an order. Fed. R. Civ. P. 41(b); Rule 41, Local Rules for the Eastern District of Texas. All motions not previously ruled on are **DENIED**.

**SIGNED this 7th day of May, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE